# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **ELIZABETH FORTSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:21-mc-00588**<br><br>**United States District Court Judge Howard C. Nielson, Jr.**<br><br>**Chief Magistrate Judge Dustin Pead** |

This matter is before the court on nonparty InMoment, Inc.'s (InMoment) Motion to Quash Subpoena Duces Tecum (Motion), issued and served consistent with the requirements of Fed. R. Civ. P. 45(a)(2).[1] (ECF No. 2.) Plaintiff in the action of *Fortson v. Garrison Prop. & Cas. Ins. Co.,* case no. 1:19-cv-00294-CCE-JLW (M.D.N.C.) (Underlying Action) opposes the Motion. (ECF Nos. 17, 22.) InMoment did not reply. Nonparty CCC Intelligent Solutions (CCC) filed a Notice of Joinder.[2] (ECF No. 26.) The parties have not requested transfer of the Motion to the Middle District of North Carolina, and the court has not sought input from the parties about transfer nor their consent to do so.

In general, in the Underlying Action, Plaintiff asserts that Garrison Property and Casualty Insurance Company (Garrison) undervalues and underpays total loss vehicle claims using market studies prepared by the nonparties. (Underlying Action, Dkt No. 4.) Currently, Plaintiff seeks

---

[1] This case is referred to the undersigned from Judge Howard Nielson in accordance with 28 U.S.C. § 636(b)(1)(B). (ECF No. 5, ECF No. 21.)
[2] A notice of joinder is improper under DUCivR 7-1(a)(7).

1

copies of communications, documents, or Electronically Stored Information (ESI) from the

nonparties as follows:

<u>**REQUEST**</u>

You are requested to produce any and all "communications, documents or ESI," as those terms are defined above, in your care, custody or control, that constitute the following:

1. Any and all communications between YOU and CCC concerning the valuation of total loss motor vehicles.

2. Any and all documents and data in YOUR possession, custody, or control concerning the derivation, evaluation, verification, use, or potential use of condition adjustments to value total loss motor vehicles by CCC.

(See ECF No. 2-1.) InMoment and CCC claim the work-product doctrine protects the requested

information.[3] (See generally Motion.) Plaintiff disagrees, claiming the information is not

protected, because the prepared information was done so in the ordinary course of business. In

the alternative, if it is protected, then there is a "substantial need" for the materials and the

nonparties have waived the protection. (See generally, ECF No. 20.)

This court has carefully considered the parties' written submissions, related case law, and

the case file, and reviewed the docket in the Underlying Action to determine that oral argument

would not materially assist the court. For the following reasons, the court finds that, under Fed.

R. Civ. P. 45(f), exceptional circumstances exist to transfer the motions to the North Carolina

Court for consideration.

---

[3] It is settled law that a document prepared in the ordinary course of business will not be protected even if the party is aware that the document might also be useful in the event of litigation (citations omitted).

## DISCUSSION

Rule 45 allows a court to transfer a subpoena-related motion to the issuing court "…if the [transferring] court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45 does not define "exceptional circumstances" leaving courts to look to the 2013 Committee Note and case law for guidance. When evaluating transfer, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas…." Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment). Moreover, "…the Court must account for the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation" when considering if exceptional circumstances are present. *Google, Inc. v. Digital Citizens All.*, No. MC 15-00707 JEB/DAR, 2015 WL 4930979, at *2 (D.D.C. July 31, 2015) (quotation omitted).

The risk of "burdening" the nonparties (InMoment and CCC) is low, in this situation. Plaintiff seek copies of communications, documents, or ESI, all or most of which are easily transmitted electronically. InMoment and CCC are large companies with national, or even a global, presence. These entities have retained well-known law firms, such as Latham & Watkins, LLP, with offices across the United States, that regularly litigate lawsuits in many courts across the nation. Such firms also assist in discovery production in many actions even though their clients may be located in one state and required to produce documents to an entity in another state. Besides, if any burden does exist imposed by transferring the motion, it is outweighed by the interest in obtaining an efficient and uniform resolution and application of the work-product doctrine as it applies to the requested materials. Further, improperly withholding the requested material (communications about the total loss vehicle valuation) could impact the merits of the underlying action pending in the Middle District of North Carolina.

3

With the risk of burdening the nonparties being low or non-existent, the court turns its attention to the status of the pending litigation in the Underlying Action. The Underlying Action was filed in March of 2019 and has been pending for nearly 3 years. It is a complex matter claiming Garrison intentionally undervalued total loss vehicles to underpay insureds' claims. The North Carolina court has already issued discovery-related orders. (See e.g. Underlying Action, Dkt Nos. 32, 49, and unnumbered entries dated 04/08/2020, 07/20/2020.) And, CCC has already produced documents in the Underlying Action consistent to the North Carolina court's protective order. (Underlying Action, Dkt No. 141.) More compelling, a jury trial appears scheduled to have commenced on January 3, 2022, at 9:00 AM. (Underlying Action, Dkt No. 71.) The parties to that action have already filed a number of pre-trial motions including motions regarding a witness list, proposed jury instructions, and motions in limine in the Underlying Action. (Underlying Action, Dkt Nos. 133, 144, 146-184.)

Considering the status of Underlying Action, this court does not want to issue an order that disrupts the jury trial schedule. Therefore, the court finds the North Carolina court is "in a better position to rule on the ... motion ... due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *See generally, Wultz v. Bank of China, Ltd.,* 304 F.R.D. 38, 47 (D.D.C. 2014).

## ORDER

Based upon the foregoing reasons, IT IS ORDERED that the Clerk of Court transfer this matter to the United States District Court for the Middle District of North Caroline. IT IS FURTHER ORDERED that counsel for Plaintiff must file a copy of this Order in the Underlying Action within two calendar days.

IT IS SO ORDERED.

4

DATED this 12 January 2022.

 

_____

Dustin B. Pead
United States Magistrate Judge